UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE,<br>Debtors. | Case No.: 26-cv-3162-RSH-GC<br>Bankruptcy No.: 24-00617-CL7 |
| NASSIM RAJAEE,<br>Appellant,<br>v.<br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,<br>Appellee. | **ORDER DISMISSING APPEAL AND GRANTING TRUSTEE'S MOTION FOR SANCTIONS AGAINST APPELLANT'S FORMER ATTORNEY**<br><br>[ECF Nos. 4, 5] |

Pending before the Court are motions filed by appellee Christopher R. Barclay, the Chapter 7 Trustee, to dismiss the appeal and for sanctions. ECF Nos. 4, 5. Those motions have been fully briefed. *See* ECF Nos. 7, 8, 9, 10. As set forth below, the Court grants both motions.

## I. BACKGROUND

### A. The Instant Appeal

On May 21, 2026, appellant Nassim Rajaee, through her attorney Daryoush Shahrouzi, filed this bankruptcy appeal. ECF No. 1. She appeals from an April 22, 2026 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy

Court") denying a motion by her co-debtor spouse Ashkan Rajaee seeking reconsideration of a February 24, 2026 order authorizing the Trustee to abandon property of the bankruptcy estate to Nassim Rajaee and Ashkan Rajaee. *Id.* The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL7 (S.D. Cal. Bankr.) (the "Bankruptcy Case"); *see also* Bankruptcy Case, Dkt. Nos. 922 (Apr. 22, 2026 Order on Debtor Ashkan Rajaee's Motion for Reconsideration of Order on Trustee's Notice of Proposed Abandonment of Property); 838 (Feb. 24, 2026 Order on Trustee's Notice of Proposed Abandonment of Property) (the "Abandonment Order").

It is undisputed that in the Bankruptcy Case, Appellant did not oppose the proposed abandonment of property prior to entry of the Abandonment Order, and did not seek reconsideration of the Abandonment Order. Nonetheless, she has appealed the denial of her husband's request for reconsideration. On the same day she filed this appeal, her co-debtor spouse appealed the same order. His appeal is pending as a separate appellate proceeding in Case No. 26-cv-3165.

On June 26, 2026, Christopher R. Barclay, the Chapter 7 Trustee, filed motions to dismiss the appeal and for sanctions. ECF Nos. 4, 5.

On August 18, 2026, this Court granted the application of Attorney Shahrouzi to be relieved as Appellant's counsel, based on Appellant's failure to communicate with him. ECF No. 13. Appellant is, at this time, unrepresented for purposes of this appeal.

**B. Other Appeals Filed from the Bankruptcy Case**

This is one of over twenty bankruptcy appeals that Mr. or Ms. Rajaee have taken from the same Bankruptcy Case, including:

(1) No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2) No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3) No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4) No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; affirmed on Apr. 23, 2026)

(5) No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; dismissed on May 21, 2026)

(6) No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7) No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8) No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9) No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

(10) No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; affirmed on July 17, 2026)

(11) No. 26-cv-2968-RSH-GC (notice of appeal filed Apr. 13, 2026; dismissed on August 20, 2026)

(12) No. 26-cv-2969-RSH-JLB (notice of appeal filed Apr. 13, 2026; dismissed on August 20, 2026)

(13) No. 26-cv-3058-RSH-GC (notice of appeal filed May 6, 2026; pending)

(14) No. 26-cv-3060-RSH-GC (notice of appeal filed May 6, 2026; pending)

(15) No. 26-cv-3061-RSH-BJW (notice of appeal filed on May 6, 2026; pending)

(16) No. 26-cv-3065-RSH-GC (notice of appeal filed May 6, 2026; pending)

(17) No. 26-cv-3162-RSH-AHG (notice of appeal filed May 6, 2026; pending)

(18) No. 26-cv-3165-RSH-AHG (notice of appeal filed May 6, 2026; pending)

(19) No. 26-cv-3166-RSH-GC (notice of appeal filed May 6, 2026; pending)

(20) No. 26-cv-3170-RSH-DDL (notice of appeal filed May 6, 2026; pending)

(21) No. 26-cv-3809-RSH-GC (notice of appeal filed May 13, 2026; dismissed on August 18, 2026)

To date, none of these appeals has been successful.

Numerous appellate filings by Mr. and Ms. Rajaee refer to an earlier dispute that Mr. Rajaee had with Tyler Davis, a former business partner at TopDevz, LLC ("TopDevz"), over ownership of TopDevz. *See generally Rajaee v. Davis*, Case No. 24-cv-1 (S.D. Cal.), Dkt. No. 138 (background discussion in Apr. 11, 2024 order dismissing case) at 1-6. In 2021, Mr. Rajaee initiated an arbitration proceeding against Davis, which resulted in an arbitration award against Mr. Rajaee. On August 15, 2023, the San Diego Superior Court entered judgment confirming the award. Mr. Rajaee appealed to the California Court of Appeal. Additionally, on January 2, 2024, he brought a civil lawsuit in this Court seeking to undo the arbitration award. *See Rajaee v. Davis*, Case No. 24-cv-1 (S.D. Cal.), Dkt. No. 1. On April 11, 2024, this Court dismissed that lawsuit for lack of jurisdiction under the *Rooker-Feldman* doctrine, which applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

On February 26, 2024, Mr. and Ms. Rajaee filed for Chapter 11 bankruptcy. *See* Bankruptcy Case, Dkt. No. 1. On May 9, 2024, the Bankruptcy Court entered an order converting the case to Chapter 7 and appointing Christopher R. Barclay as Trustee. *See* Bankruptcy Case, Dkt. No. 37. Neither debtor timely appealed the conversion order, but Mr. Rajaee ultimately filed an untimely motion to reconsider the conversion order, and then appealed to this Court the Bankruptcy Court's denial of that motion to reconsider. *See* Bankruptcy Court, Dkt. Nos. 176, 236. On October 31, 2025, this Court affirmed. *See* Case No. 25-cv-667, Dkt. No. 23. Mr. Rajaee has further appealed to the U.S. Court of Appeals for the Ninth Circuit, and that appeal remains pending.

The Rajaees' bankruptcy appeals frequently refer to and/or seek to invalidate the arbitration award and San Diego Superior Court judgment that were entered against Mr. Rajaee, as well as the Bankruptcy Court's conversion order.

//

### C. Attorney Shahrouzi's Role in the Bankruptcy Proceedings

Attorney Shahrouzi has participated in the bankruptcy proceedings since the beginning of 2026. On January 6, 2026, he filed an adversary proceeding, No. 26-90003-CL, on behalf of Mr. Ashkan Rajaee seeking damages against the Chapter 7 Trustee and the Trustee's lawyers. *See* Bankruptcy Case, Dkt. No. 736.[1] Although represented by Attorney Shahrouzi in this adversary matter, Mr. Rajaee is otherwise proceeding pro se in the Bankruptcy Case.

On February 12, 2026, Attorney Shahrouzi appeared for Ms. Nassim Rajaee in the Bankruptcy Case. Dkt. No. 809. The same day, the Trustee filed a motion to declare Mr. Rajaee a vexatious litigant. Dkt. No. 812. The motion was set for a hearing before the Bankruptcy Court on March 23, 2026. Dkt. No. 813.

While the Trustee's vexatious litigant motion was pending, on March 13, 2026, Mr. Rajaee filed four additional motions, variously seeking (1) reconsideration of an order approving abandonment of property, (2) reconsideration for the second time of an order denying a motion to disqualify opposing counsel, (3) an evidentiary hearing, and (4) sanctions against the Trustee and the Trustee's attorneys. *See* Dkt. Nos. 858, 861, 864, 866. The Bankruptcy Court ultimately denied each of these motions on April 22, 2026. *See* Dkt. Nos. 921, 922, 924, 925.

On May 6, 2026, Mr. Rajaee (pro se) and Ms. Rajaee (represented by Attorney Shahrouzi) each filed a notice of appeal from the Bankruptcy Court's rulings on each of

---

[1] On July 28, 2026, the Bankruptcy Court dismissed the adversary case on the Defendants' motion. *See* Case No. 26-90003, Dkt. No. 43. On August 11, 2026, Mr. Rajaee appealed that dismissal. Dkt. No. 47. The same date, the Bankruptcy Court granted a motion for sanctions brought by the Trustee's lawyers, against both Mr. Rajaee and Attorney Shahrouzi. Dkt. No. 49 at 7. In reciting this procedural history or other rulings from the Bankruptcy Court adverse to the debtors, the Court expresses no view on the merits of those orders.

Mr. Rajaee's four motions mentioned above, for a total of eight appeals, each of which is pending in this Court:

- In Case Nos. 26-cv-3061 (Ashkan Rajaee) and -3060 (Nassim Rajaee, represented by Attorney Shahrouzi), each debtor appeals the Bankruptcy Court's April 22, 2026 order denying Ashkan Rajaee's motion for an evidentiary hearing. *See* Bankruptcy Case, Dkt. No. 921 (order); Dkt. No. 955 (Ashkan Rajaee notice of appeal); Dkt. No. 941 (Nassim Rajaee notice of appeal).
- In Case Nos. 26-cv-3165 (Ashkan Rajaee) and -3162 (Nassim Rajaee, represented by Attorney Shahrouzi), each debtor appeals the Bankruptcy Court's April 22, 2026 order denying Ashkan Rajaee's motion for reconsideration of an order approving the Trustee's abandonment of estate property to the debtors. *See* Bankruptcy Case, Dkt. No. 922 (order); Dkt. No. 958 (Ashkan Rajaee notice of appeal); Dkt. No. 940 (Nassim Rajaee notice of appeal).
- In Case Nos. 26-cv-3170 (Ashkan Rajaee) and -3166 (Nassim Rajaee, represented by Attorney Shahrouzi), each debtor appeals the Bankruptcy Court's April 22, 2026 order denying Ashkan Rajaee's motion for sanctions against the Trustee and the Trustee's attorneys. *See* Bankruptcy Case, Dkt. No. 925 (order); Dkt. No. 964 (Ashkan Rajaee notice of appeal); Dkt. No. 943 (Nassim Rajaee notice of appeal).
- In Case Nos. 26-cv-3065 (Ashkan Rajaee) and -3058 (Nassim Rajaee, represented by Attorney Shahrouzi), each debtor appeals the Bankruptcy Court's April 22, 2026 order denying Ashkan Rajaee's second motion to reconsider an order denying Ashkan Rajaee's motion to disqualify counsel. *See* Bankruptcy Case, Dkt. No. 924 (order); Dkt. No. 961 (Ashkan Rajaee notice of appeal); Dkt. No. 993 (Nassim Rajaee notice of appeal).[2]

---

[2] The simultaneous appeals of Mr. and Ms. Rajaee are to all appearances, including based on the similarity of the documents filed, closely coordinated. Indeed, in e-filing a notice of appeal in connection with the last appeal discussed above—ultimately docketed

On May 20, 2026, Attorney Shahrouzi filed in the Bankruptcy Court, pursuant to Fed. R. Bankr. P. 8009(a)(1), a statement of issues for each of Ms. Rajaee's appeals. Although the four orders being appealed cover a range of different topics, Attorney Shahrouzi's statement of issues for each of the four appeals is *identical*:

> 1. Judicial Estoppel – putative Chapter 7 trustee Christopher Barclay – Did the bankruptcy court abuse its discretion by failing to apply judicial estoppel to the Chapter 7 arguments?
>
> 2. Fraud in the Procurement of the San Diego Judgment — Conversion Order – Did the bankruptcy court abuse its discretion by failing to adjudicate the merits of the fraud on the court in the procurement of the San Diego judgment being enforced in bankruptcy proceedings as a proof of claim?
>
> 3. Fraud on the Court — Conversion Order – Did the bankruptcy court abuse its discretion by failing to determine on the merits whether the Conversion Order was procured through fraud on the court, where officers of the court allegedly omitted material jurisdictional, service, standing, and authority facts necessary to give operative effect to the San Diego confirmation judgment?
>
> 4. Fraud on the Court — Chapter 7 Order on Appeal – Did the bankruptcy court abuse its discretion by entering the Chapter 7 Order on appeal without determining the fraud-on-the-court challenges that officers of the court procured the order through materially misleading

---

at Case No. 26-cv-3058—it appears that Attorney Shahrouzi initially e-filed a notice of appeal that was signed by Ashkan Rajaee proceeding pro se. *See* Bankruptcy Case, Dkt. No. 942. One week later, Attorney Shahrouzi e-filed a notice of appeal from the same order that was instead signed by his client Nassim Rajaee. *See* Bankruptcy Case, Dkt. No. 993. Although Attorney Shahrouzi added the docket label of "amended notice of appeal" in e-filing the document, nothing in the notice itself indicated that it purported to be an amended notice. Thus, his amended notice was treated by the Clerk's Office as a new appeal, and was placed on this Court's docket as Case No. 26-cv-3809—a *ninth* appeal arising from the same set of four Bankruptcy Court orders. Months later, in moving to withdraw from Case No. 26-cv-3809, Attorney Shahrouzi called this duplication to the Court's attention, and the Court dismissed the appeal. *See* Case No. 26-cv-3809, Dkt. Nos. 5 (application to withdraw as counsel), 6 (order granting application to withdraw and dismissing appeal).

> half-truths and omissions concerning jurisdiction, standing, service, Tyler Davis's authority, TopDevz, LLC's representation, and the putative Chapter 7 trustee Christopher Barclay's authority?

*See* Bankruptcy Case, Dkt. Nos. 1001, 1002, 1003, 1004. In each of the four cases, Attorney Shahrouzi's statement of issues fails to mention the order that is actually being appealed. Instead, all four stated issues appear to challenge the Bankruptcy Court's May 9, 2024 conversion order, which neither party timely appealed. Two of the four stated issues directly refer to the "San Diego judgment" or the "San Diego confirmation judgment" at the heart of Mr. Rajaee's pre-petition business dispute with Davis and TopDevz.

On May 7, 2026, the Bankruptcy Court declared Ashkan Rajaee to be a vexatious litigant and ordered that Mr. Rajaee obtain leave of the Bankruptcy Court before additional filings in that Court, other than notices of appeal. *See* Bankruptcy Case, Dkt. No. 967.

On August 13, 2026, Attorney Shahrouzi filed a motion to withdraw from representation of Mr. Rajaee in the Bankruptcy Case. *See* Bankruptcy Case, Dkt. No. 1069. That motion remains pending.

## I. MOTION TO DISMISS

### A. Legal Standard

"Under th[e] prudential standing doctrine, only a 'person aggrieved,' that is, someone who is 'directly and adversely affected pecuniarily' by a bankruptcy court's order, has standing to appeal that order." *In re Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) (quoting *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983)). "An order that diminishes one's property, increases one's burdens, or detrimentally affects one's rights has a direct and adverse pecuniary effect for bankruptcy standing purposes." *Id.* The party invoking appellate jurisdiction bears the burden of demonstrating prudential standing. *In re Benham*, 220 F. Supp. 3d 1033, 1039 (C.D. Cal. 2016); *accord In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867, 872 (D.C. Cir. 2014) ("As in other jurisdictional contexts, the party invoking appellate jurisdiction to review a bankruptcy court order has

the burden of demonstrating prudential standing.") (citing *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001)).

**B. Analysis**

The Trustee argues that Appellant lacks prudential standing because she was not "directly and adversely affected pecuniarily" by the order she appeals: She never opposed or objected to the Trustee's notice of intent to abandon; she never sought reconsideration of the Bankruptcy Court's abandonment order, or joined her co-debtor's motion; and, fundamentally, the Abandonment Order approved the *return* of asserts to her and to her spouse. ECF No. 4-1 at 9-11. Appellant responds that she is indeed a "person aggrieved" by the Abandonment Order, but she does not explain how. *See* ECF No. 9 at 12-14. She asserts that "[r]eturning property to a debtor is not invariably a net benefit," *id.* at 13, and notes that the Abandonment Order "did not allocate ownership between the joint Debtors, determine accompanying liabilities, or decide who would bear litigation, tax, defense, and preservation burdens," *id.* at 14. But even so, she has failed to articulate how the Abandonment Order directly worked to her pecuniary disadvantage, let alone to establish such an adverse pecuniary effect. The lack of an adverse pecuniary effect on Appellant from the Abandonment Order is consistent with the fact that she never opposed, objected to, or sought reconsideration of that order in the Bankruptcy Case.

As articulated in Appellant's statement of issues on appeal, and as reflected in her brief opposing dismissal, her "grievance" has nothing whatsoever to do with the property that the bankruptcy estate returned to her and her husband. Her "statement of issues," as filed in the Bankruptcy Case, instead relates to alleged errors in (1) the Bankruptcy Court's conversion of the case to Chapter 7; and (2) the San Diego Superior Court judgment entered prior to their bankruptcy filing. *See* Bankruptcy Case, Dkt. No. 1001 at 10 (statement of issues in connection with BAP No. 26-1101); ECF No. 1-2 (notice of transfer of BAP No. 26-1101 to this Court). Appellant's brief opposing the motion to dismiss repeatedly returns to those same issues. *See, e.g.*, ECF No. 9 at 5, 6, 9, 10, 13–15, 17–19 (alleging errors or

invalidity in connection with San Diego Superior Court judgment).[3] Her separately filed motion arguing that the Trustee lacks the ability to elect district court review, which this Court has already denied as meritless, repeats the same themes. *See* ECF No. 2 (motion to determine invalidity of Trustee's statement of election) at 7–8, 10–13, 15; ECF No. 13 (order denying motion). The Court has no trouble concluding that this appeal is unrelated to any injury arising from the transfer of estate property to her and her husband, and instead reflects the debtors' coordinated, repetitive efforts to force the re-litigation of the state-court dispute involving Appellant's husband and his business partner.

Appellant has failed to establish prudential standing to challenge the Abandonment Order or the denial of her husband's motion to reconsider that order. This appeal is therefore subject to dismissal.

## II. MOTION FOR SANCTIONS

### A. Legal Standard

Under Fed. R. Bankr. P. 8020, "[i]f the district court . . . determines that an appeal is frivolous . . . it may award just damages and single or double costs to the appellee." Sanctions are awardable under Fed. R. Bankr. P. 8020, and these costs may include attorneys' fees. *See In re Benham*, 220 F. Supp. 3d at 1043.

"An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit." *Erde v. Bodnar (In re Westwood Plaza North)*, 889 F.3d 975, 977 (9th Cir. 2018) (citation omitted). Courts consider several factors when determining if an appeal is frivolous, including whether the appellant's argument "addresses the issues on appeal

---

[3] The first sentence of Appellant's opposition brief states: "The Motion to Dismiss assumes the antecedent issue this appeal preserves: whether the Bankruptcy Court ever acquired personal jurisdiction over TopDevz, LLC ('TopDevz') as a joint movant and received a valid TopDevz request from a 'party in interest' under 11 U.S.C. § 1112(b)(1)." ECF No. 9 at 5. This statement, in addition to being incoherent, reflects the total lack of connection between the Abandonment Order that Appellant has appealed and the questions she urges the Court to decide.

properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record." *Aldana v. Stadtmueller (In re De Jesus Gomez)*, 592 B.R. 698, 709 (B.A.P. 9th Cir. 2018) (quoting *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (B.A.P. 1st Cir. 2002)). A court may award sanctions for a frivolous appeal over whose merits the court lacks appellate jurisdiction. *In re Westwood Plaza North*, 889 F.3d at 977 (ordering sanctions where "[t]he appeal of the district court's orders was wholly without merit, and sought review of multiple district court orders over which this court lacked jurisdiction").

Fed. R. Bankr. P. 8020 is modeled after Federal Rule of Appellate Procedure 38. *First Fed. Bank v. Weinstein (In re Weinstein)*, 227 B.R. 284, 297 (B.A.P. 9th Cir. 1998). Courts may look to cases applying Fed. R. App. P. 38 when determining whether an appeal is frivolous and an award of costs is appropriate. *Id.*; *In re Ashai*, 211 F. Supp. 3d 1215, 1243 (C.D. Cal. 2016) (collecting cases). A finding of bad faith is not necessary to impose sanctions under that rule. *See In re Becraft*, 885 F.2d 547, 549 (9th Cir. 1989). Fed. R. App. P. 38 not only permits sanctions against the appellant directly, but also "permit[s] the imposition of personal sanctions against counsel." *In re Girardi*, 611 F.3d 1027, 1065 (9th Cir. 2010). Under Fed. R. App. P. 38, the award of attorneys' fees and costs "must be limited to appellees' direct fees and costs for defending against the frivolous appeal, and may not include the fees and costs incurred regarding the imposition of sanctions." *Blixseth v. Yellowstone Mt. Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017).

As a separate source of sanctions authority, 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* Proof of bad faith is not required; instead, "[r]ecklessness suffices for § 1927 sanctions …." *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

//

**B. Analysis**

For the reasons set forth above, Appellant lacks prudential standing because she was not "directly and adversely affected pecuniarily" by the Abandonment Order, or by the order denying her husband's motion to reconsider the Abandonment Order. Appellant's position—that she is aggrieved by an order that transferred property to her and her husband, that she never opposed or challenged in the Bankruptcy Case—is, in light of her inability to identify any direct and adverse pecuniary effect, wholly without merit.

The frivolous nature of this appeal is also apparent through her statement of issues, her meritless motion to invalidate the Trustee's election, and her opposition to the motion to dismiss—all of which raise arguments that have little or nothing to do with the orders she is appealing and instead focus in a duplicative, repetitive manner on her husband's prior disputes and grievances.

Appellant's brief opposing the Trustee's motion for sanctions offers more of the same. The brief, signed and filed by counsel, begins in the following incoherent manner:

> **I. PRELIMINARY SANCTIONS NEXUS: FINLAYSON'S KNOWLEDGE DEFEATS FRIVOLOUSNESS AND SCIENTER**
>
> The motion seeks punishment for preserving four unresolved TopDevz predicates: (1) the governance act removing Ashkan Rajaee ("Ashkan") and appointing Tyler Davis ("Davis"); (2) TopDevz, LLC's ("TopDevz") authorization of counsel; (3) service on TopDevz; and (4) whether an unauthorized appearance conferred personal jurisdiction. Jesse S. Finlayson ("Finlayson") signed the motion and declared personal knowledge. (Doc. 5-2 ¶¶ 2-3.) His knowledge bears directly on Rule 8020 frivolousness, § 1927 scienter, and whether prior orders can be invoked as neutral proof of adjudication. Because the asserted chapter 7 authority derives from the disputed conversion order, this opposition refers to Christopher R. Barclay as the putative Trustee.

ECF No. 7 at 6. Appellant's brief continues for over twenty pages in a similar vein. The other argument headings are: "No Vote or Appointment Made Davis TopDevz's Manager," "California Internal-Affairs Law Governs the Predicate Questions," "The Federal Conversion Order Depends on the Disputed TopDevz Predicates," "The San Diego

Judgment Depends on the Same Authority, Service, and Evidence Defects," "Void or Jurisdictionally Defective Orders Cannot Prove Their Own Predicates," "Appellant May Raise the Defect When the Orders Are Invoked Here," "'Rejected' Is Not an Adjudication of the Missing Predicates," "Downstream Orders Did Not Cure the Original Due-Process Failure," "This Court's Jurisdictional and Inherent Powers Cannot Be Sold," and "The Filing Volume Reflects Repeated Nonadjudication, Not Abuse." These arguments, made by a member of the bar of this Court, are largely unmoored from any pertinent issue on appeal.

When it comes to the actual order that is being appealed, Appellant says very little. She asserts that the appealed order is "part of the disputed authority chain, and preservation is required," because:

> The Abandonment Reconsideration Order arose within a chapter 7 administration created by conversion. The conversion order considered and granted the collective Davis/TopDevz motion based on the arbitration ruling's supposed removal of Ashkan. (Rajaee Decl. Vol. 1, Ex. 9, pp. 2-5; Vol. 2, Ex. 44, pp. 1-3.) Whether TopDevz was authorized and subject to personal jurisdiction therefore bears on the authority under which the putative Trustee sought and defended the appealed order.

ECF No. 7 at 9. Appellant's view appears to be that *any* order issued by the Bankruptcy Court after its conversion of the bankruptcy to Chapter 7 is "part of the disputed authority chain" leading back to an allegedly erroneous arbitration ruling that preceded the debtors' bankruptcy filing. In Appellant's view, she and her husband may file—and are "required" to file as a matter of "preservation"—an appeal from each and every Bankruptcy Court order for reasons having nothing to do with the orders themselves, but rather because the orders are all tainted by alleged errors in the past arbitration. Appellant makes no effort to hide the repetitive nature of these appeals; as she argues, "repetition matters only if the repeated issue was decided," ECF No. 7 at 18, and she has not been satisfied with the results of the debtors' appeals to date. The number of appeals that Appellant and her spouse have filed from the Bankruptcy Case bear out her commitment to repetitive filings; many of

these appeals themselves contain subsidiary motions or filings seeking to nullify the arbitration ruling, the San Diego Superior Court judgment, or the Bankruptcy Court's conversion order referenced in Appellant's filings in this case.[4]

This appeal was filed as part of a coordinated blitz of eight notices of appeal filed on May 6, 2026 from four orders that the Bankruptcy Court issued on April 22, 2026. The blitz was imperfectly executed, with Attorney Shahrouzi inadvertently e-filing a notice of appeal in the name of Ashkan Rajaee, and then a week later e-filing a fifth notice of appeal in his client's name without bothering to clarify the duplication until he sought to withdraw as counsel months later. *See* Bankruptcy Case, Dkt. Nos. 942, 993. The fact that all four of Attorney Shahrouzi's appeals have "statements of issues" that are identical to each other—and do not even mention the orders he actually purports to appeal—clearly establishes, in the context of the litigation here, not only frivolousness but also bad faith, an improper motive of harassment, and the vexatious multiplication of proceedings.

The Court finds this appeal to be frivolous, and determines that sanctions against Attorney Shahrouzi pursuant to Fed. R. Bankr. P. 8020 are warranted in the amount of Appellee's direct fees and costs for defending against the appeal, which may not include the fees and costs incurred regarding the imposition of sanctions. *Blixseth*, 854 F.3d at 631. Sanctions against Attorney Shahrouzi are likewise warranted under 28 U.S.C. § 1927 as to the fees and costs incurred in this case, which result from Attorney Shahrouzi's vexatious and unreasonable conduct.

It is not clear to the Court to what extent, if any, Nassim Rajaee has personally participated in this appeal that has been pursued by Attorney Shahrouzi in her name and in concert with separate proceedings initiated by Ashkan Rajaee. Although Nassim Rajaee is responsible for the claims made by her attorney on behalf, the Court declines to order her

---

[4] Several of the appeals filed by Appellant and her co-debtor spouse remain pending. The Court expresses no view on the merits of such appeals, but notes their multiplicity along with the outcomes of those appeals that have resulted in affirmance or dismissal.

joint and several liability as to the sanctions imposed against Attorney Shahrouzi. This exercise of discretion in the context of this case is without prejudice to any request for sanctions that may be made in her other appeals brought by Attorney Shahrouzi.

## III. CONCLUSION

The Trustee's motion to dismiss [ECF No. 4] is **GRANTED**, and the appeal is **DISMISSED**.

The Trustee's motion for sanctions [ECF No. 5] is **GRANTED**. No later than ***fourteen (14) days from the date of this order***, the Trustee shall file a claim for its recoverable costs and fees supported by adequate evidence. No later than ***fourteen (14) days*** after such filing, Attorney Shahrouzi may file appropriate objections to such evidence or to the Trustee's fee calculation.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Hon. Robert S. Huie
United States District Judge